IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00688-WDM-MEH

EDUARDO QUINTANA-CARDENAS,

     Applicant,

vs.

JOSEPH ORTIZ, Executive Director, C.D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

_____

**RECOMMENDATION FOR
DISMISSAL OF APPLICATION**
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge**

     Applicant has pending before this Court an Application for a Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2254 ("Application").  Respondents have filed an Answer, and the Applicant has

submitted a Traverse.  Pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, this matter has been

referred to me for Recommendation on dispositive matters and for ruling on nondispositive matters.

Based on the record contained herein, I **recommend** that the Application be denied, and that this

matter be dismissed, with prejudice.

     The parties are advised that they shall have ten (10) days after service hereof to serve and file

any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned.  FED. R. CIV. P. 72.  The party filing objections must specifically identify those findings or

recommendations to which the objections are being made.  The District Court need not consider

frivolous, conclusive or general objections.  A party's failure to file such written objections to

proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## FACTS

In his Application filed on April 15, 2005, Applicant, a state prisoner in Colorado, challenges his November 2001 convictions on drug offenses in the Denver District Court (Docket #3) under three claims for federal habeas relief. Applicant's conviction was affirmed in November, 2003, by the Colorado Court of Appeals on direct appeal, *see* ANSWER, Docket #9, Exh. D, and the Colorado Supreme Court has denied certiorari in April 2004, *id.* at Exh. F. There is nothing in the record to indicate that the Applicant has made any attempt at post-conviction relief through the state court system.

In his first claim for federal habeas relief, the Applicant alleges that the trial court erred in failing to suppress evidence that was seized in violation of his constitutional rights. Applicant's second claim argues that there was insufficient evidence to support his conviction. Finally, in his third claim, the Applicant contends that the trial court erred in rejecting two proposed jury instructions on the defense theory of the case and violated his due process rights by using a general verdict form.

Respondents have answered the allegations of the Application, indicating that it is timely under the provisions of 28 U.S.C. § 2244, and that it would appear that the Applicant has exhausted his state court remedies with regard to these claims. The Respondents do, however, argue that the Applicant's first claim is not cognizable in a federal habeas proceeding, that the evidence was sufficient to support the Applicant's conviction, that the instructions given at trial properly charged every element of the offense, and that the use of the general verdict form was appropriate.

The Applicant counters the Respondents' arguments, arguing that his first claim is appropriate for federal habeas consideration, because he did not receive a full and fair litigation of the issue in the state courts based on the contention that the state courts did not fully apply the correct and controlling constitutional standards to his case. Further, the Applicant argues that the evidence presented against him at trial was, indeed, insufficient to support his conviction, and that the state court's failure to properly instruct the jury and use of a general verdict form was critical in his trial.

## DISCUSSION

### I.      Standard of Review.

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "When a federal district court reviews a state prisoner's habeas [application] pursuant to 28 U.S.C. § 2254 it must decide whether the [applicant] is 'in custody in violation of the Constitution or laws or treaties of the United States.' The court does not review a judgment, but the lawfulness of the [applicant's] custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must

"give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Accordingly, based on denial of certiorari review by the Colorado Supreme Court in Applicant's case, habeas review in this Court is concerned with the proceedings in the Colorado Court of Appeals which was the final substantive proceedings in the state appellate review process.

Applicant's conviction became final after April 24, 1996, which is the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA applies to all federal habeas applications filed after the AEDPA's effective date, regardless of when the state proceedings occurred. *See Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999); *Moore v. Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999).

Under AEDPA, an applicant is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000).

As the Supreme Court recently stated:

A state-court decision is contrary to . . . clearly established precedents if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

4

*Brown v. Payton*,  544 U.S. 133, 125 S.Ct. 1432, 1438-39 (2005) (internal citations omitted).

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require awareness of [those] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).  So, when a state court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the applicant as the federal standard, the reviewing court may presume an adjudication on the merits and apply AEDPA deference.  *See Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005).

Factual findings made by the state trial and appellate courts are presumed correct, with the applicant having the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003).  "[W]hether a state court's decision was unreasonable must be assessed in light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

Even if the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, unless the error is a "structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by harmless-error standards," *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993), the harmless error standard of *Brecht* and *O'Neal v. McAninch*, 513 U.S. 432 (1995), must be applied.  *See Herrera v. Lemaster*, 301 F.3d 1192, 1200 (10th Cir. 2002).  Under *Brecht,* habeas relief is not proper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623. *O'Neal* addresses the situation where a court is in "grave doubt" about the likely effect of the error on the jury's verdict – that is, where "the matter is so evenly balanced that [the court] feels [itself] in virtual equipoise as to the harmlessness of the error." *O'Neal*, 513 U.S. at 435.  In such a case, *O'Neal* instructs a court to

treat the error "as if it had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting Brecht, 507 U.S. at 623).

Applicant proceeds in this action *pro se*. As a *pro se* litigant, Applicant's filings are entitled to liberal construction by this Court. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

## II.    Plaintiff's Claims.

### A.    Claim One.

In his first claim, the Applicant argues that his conviction stemmed from evidence obtained as the result of an unconstitutional seizure of his person. In this regard, the Colorado Court of Appeals made the following factual findings concerning the general background of this matter:

> [Applicant] was a passenger in a vehicle stopped by police for a traffic violation. The officers arrested the driver for driving under the influence of alcohol, searched him, and found methamphetamine on his person. The driver then consented to a search of the vehicle. One officer asked [Applicant] to get out of the vehicle, and as [Applicant] exited the vehicle, the officer saw a package of methamphetamine on the floor near [Applicant's] feet.
>
> [Applicant] consented to a search of his person, and the officers discovered marijuana. [Applicant] was then arrested, and the officers determined there were outstanding warrants for his arrest.
>
> The officer also found a book bag containing three large bundles containing more than 1000 grams of methamphetamine. The book bag was in the backseat between the [Applicant] and his girlfriend.

ANSWER, Docket #9, Exh. D, pp. 1-2.

The Applicant acknowledges that through counsel, he "moved for suppression of the evidence obtained [sic] from the book bag," but that "the trial court denied [Applicant's] motion to suppress,

6

holding that [Applicant's] contact up until the time that he stepped out of the vehicle and officers allegedly observed the item on the floorboard was consensual." APPLICATION, Docket #3, Attch'd Points and Authorities, p. 4.

In arguing that the evidence against him should have been suppressed, the Applicant takes the position that:

> [H]e as a passenger was indeed stopped as a practical matter by virtue of the stop of the vehicle, [Applicant] specifically asked officers for permission to leave the vehicle and go to a nearby motel, and officers denied that request by instructing [Applicant] to close the window through which he was asking for such permission.

APPLICATION, Docket #3, Attch'd Points and Authorities, p. 5.  Applicant argues that his acts of asking for permission to leave, and the officer's acts in telling him to close the window constituted detention or seizure of the Applicant.  *Id*.  However, on direct appeal, the Colorado Court of Appeals agreed with the trial court that the encounter was consensual, and under the totality of circumstances, upheld the denial of Applicant's motion to suppress.  *See* ANSWER, Docket #9, Exh. D, p. 4.

The Respondents contend that Applicant's first claim is not cognizable in a federal habeas proceeding, based upon the holding of the United States Supreme Court in *Stone v. Powell*, 428 U.S. 465 (1976).  In *Stone*, the Court stated that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial.  *Id* at 494.  The Tenth Circuit has noted that "[a]lthough *Stone* announced a verbal standard, it failed to clothe the words 'opportunity for full and fair litigation' with any precise meaning."  *Gamble v. State*, 583 F.2d 1161, 1165 (10th Cir. 1978).  Therefore, the Tenth Circuit has constructed the following definition:

> "Opportunity for full and fair consideration" includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim. It also includes the full and fair evidentiary hearing contemplated by *Townsend* [*v. Sain*, 372 U.S. 293 (1963)]. Furthermore, it contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards. Thus a federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the state court wilfully refuses to apply the correct and controlling constitutional standards. Deference to state court consideration of Fourth Amendment claims does not require federal blindness to a state court's wilful refusal to apply the appropriate constitutional standard.

*Gamble*, 583 F.2d at 1165.

The Tenth Circuit has gone on to clarify that "'[o]pportunity' includes procedural opportunity to raise a claim, and it includes a full and fair hearing." *Sanders v. Oliver*, 611 F.2d 804, 808 (10th Cir. 1979).

In this case, there is no dispute that the Applicant filed a motion to suppress in this regard, and that he received a hearing on the motion prior to trial. *See* APPLICATION, Docket #3, Attch'd Points and Authorities, p. 4; ANSWER, Docket #9, p. 11. Further, the Applicant also raised the issue on direct appeal to the Colorado Court of Appeals. *See* ANSWER, Docket #9, Exh. A, B, C & D. The Applicant contends, however, that the proceedings were not full and fair because (1) the Colorado Court of Appeals unreasonably applied or failed to apply controlling Fourth Amendment standards, and (2) the state courts failed to make express findings regarding whether a law enforcement officer's order to close a vehicle window in response to Applicant's request to leave the vehicle would be interpreted by a reasonable person as a "seizure" within the meaning of the Fourth Amendment.

In his Application, the Applicant argues that:

The State Court of Appeals' holding that [Applicant's] contact with police was consenual [sic] therefore represents an unreasonable application of the applicable standard set forth in Maryland v. Wilson, [519 U.S. 408 (1997)], United States v. Mendenhall, [446 U.S. 544 (1980)], Terry v. State of Ohio, 392 U.S. 1, . . . (1968),

and the state equivalent relied upon by the court, <u>People v. Jackson</u>, [955 P.2d 68 (Colo. 1998)].

APPLICATION, Docket #3, Attch'd Points and Authorities, p. 6.  However, Applicant points to no authority which mandated reversal but was ignored by the state appellate court, and this Court is aware of none.  *See Gamble*, 583 F.2d at 1163 (state court applied principles "flatly condemned by the United States Supreme Court").  In fact, Applicant argued on appeal that the framework in *Jackson*, together with that found in *People v. Dixon*, 21 P.3d 440 (Colo. Ct. App. 2000), was the correct standard under which to decide his suppression motion.  *See* ANSWER, Docket #9, Exh. A, p. 14.

The state appellate court's opinion clearly indicates the use of the factors found in *Jackson* in consideration of the issue presented by the Applicant on direct appeal.  *Id.* at Exh. D, pp. 2-4.  The sum and substance of the opinion in *Jackson* is that an encounter between police and a private citizen has ceased to be consensual, and the person has been seized within the meaning of the Fourth Amendment when, in the totality of circumstances, a reasonable person in the citizen's position would no longer feel free to leave or to disregard the officer's requests.  *See Jackson*, 39 P.3d at 1179.  The Applicant admits that the holding in *Jackson* is the "state equivalent" of Supreme Court precedent found in *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (a person has been seized for purposes of Fourth Amendment analysis if "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave").  *See* TRAVERSE, Docket #14, p. 5.  Accordingly, based on the record herein, there is no evidence that the state court "wilfully refuse[d] to apply the correct and controlling constitutional standards." *Gamble*, 583 F.2d at 1165.

Although citing to state case law authority, *see* ANSWER, Docket #9, Exh. D, pp. 2-4, the Colorado Court of Appeals applied the standard recognized by the United States Supreme Court and did not apply a legal standard "diametrically different" from, "opposite in character or nature" from, or "mutually opposed" to the correct legal standard, *Williams v. Taylor*, 529 U.S. 362, 406-07 (2000). Because the Colorado Court of Appeals applied the same basic substantive test in its analysis that this Court would apply to determine whether there has been a seizure in violation of the Fourth Amendment, deferral to its ruling is warranted unless it "unreasonably appli[ed]" that test. 28 U.S.C. § 2254(d); *see Harris*, 411 F.3d at 1196.

In this case, the test was not unreasonably applied because nothing in the record demonstrates that the state appellate court reached a different result based on facts that were materially indistinguishable from a decision of the Supreme Court, nor did it apply the Supreme Court's precedents to the facts in an objectively unreasonable manner. The court evaluated the totality of the evidence before it, to include the briefing and arguments presented by the parties, and weighed the factors according to the prevailing standard. Applicant fails to identify any decision of the United States Supreme Court which holds, based on facts similar to those of the Applicant, that he had been "seized" within the meaning of the Fourth Amendment. Applicant demonstrates only a disagreement with the ultimate conclusion of the state appellate court, and disagreement is insufficient to provide a basis for federal habeas relief. Accordingly, review in this Court of Applicant's claim under the standard of 28 U.S.C. § 2254(d)(1) is not warranted.

Applicant attempts to argue that the state court ignored the analysis required for this issue under state and Supreme Court precedent, but he makes only a conclusory statement in this regard, with no well-pled facts or facts from which it could be inferred to support the allegation. An extensive

evidentiary hearing was held in this regard, at which the Applicant was given ample opportunity to present evidence, and the parties cited extensively to that hearing in their briefing to the state appellate court. The state appellate court's findings were based upon the record from the hearing, and there is no evidence to support that the court misunderstood the record or that the record was ignored. *See, e.g., Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003) (where state court plainly misunderstands the record in making its findings, and the confusion goes to a material factual issue that is central to the applicant's claim, that misunderstanding can result in factual finding that is unreasonable); *Miller-El v. Cockrell*, 537 U.S. 322, 347 (2003) (state courts are not required to address every hint or shred of proof suggested to them, nor are they required to "make detailed findings addressing all the evidence before [them]."). Accordingly, this argument does not provide an avenue for review of the Applicant's first claim.

Finally, Applicant argues that he is entitled to federal habeas relief on this claim because the state courts failed to make express findings as to how a reasonable person may have interpreted the officer's order to close the vehicle window. The heart of the Applicant's argument is that since the state courts failed to make express findings, there is no way to know whether the courts ignored the issue or whether there is a basis upon which to determine that the rulings were erroneous. However, the Tenth Circuit has opined that a "trial court's decision to admit the fruits of a search after [a suppression] hearing and . . . testimony in open court" constitutes the implicit determination of an issue as it has been argued and presented to that court. *See Cannon v. Gibson*, 259 F.3d 1253, 1264 (10th Cir. 2001). The record in this regard demonstrates that this issue was extensively briefed and argued both at the trial and appellate court levels. On appeal, the Applicant argued and cited to evidence in the record to show that:

It was not until after his detention for some time that officers asked him to step out of the car. Police unconstitutionally seized [Applicant] from the time they ordered him to roll up his window. As Officer Ryan testified, he was from this point forward not free to leave, though officers had no reasonable suspicion to detain him.

ANSWER, Docket #9, Exh. A, p. 14.

The State countered with the following:

In the present case, the temporary detention of [Applicant] in a stopped vehicle was merely coincidental to the detention of the driver, Mr. Tafoya. Moreover, officers noticed that [Applicant] was acting very nervous, and was repeatedly opening the back window of the truck. Therefore, for purposes of assuring officer safety, they requested that [Applicant] close the window. [citation to the record.] At no time did [Applicant] as to leave the truck. . . .Once Officer Ryan did ask [Applicant] to exit the truck, he noticed in plain view a small blue plastic package of methamphetamine, identical to the one found on Mr. Tafoya, right next to [Applicant's] foot.

*Id* at Exh. B, p. 12.

Nothing exists in the record to demonstrate that the Colorado Court of Appeals failed to consider these arguments and evidence; that court merely decided the issue contrary to position argued by the Applicant.

The fact that this Court might disagree with the state court's analysis or that it would reach a different result if evaluating the evidence does not empower this Court to grant habeas relief. *See Matteo v. Superintendent, Sci Albion*, 171 F.3d 877, 890 (3rd Cir. 1999). The issue before this Court is whether or not the Applicant was provided procedural opportunity to raise the claim, together with whether he was provided with full and fair litigation of his Fourth Amendment claim. The record establishes that the Applicant had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. As a result, this Court is precluded from considering the claim based on *Stone*.

## B.   Claim Two.

In his second claim for relief, the Applicant contends:

12

> To establish constitutionally supportable convictions with respect to the controlled substance in the book bag, the State of Colorado was required to prove that [Applicant] knowingly possessed the methamphetamine found in the book bag.

APPLICATION, Docket #3, Attch'd Points and Authorities, p. 8.

Citing to state case law authority found in *People v. Orozco*, 49 P.3d 1212 (Colo.Ct.App. 2002), for the proposition that the State was required to prove that he "exercised actual physical control or immediate dominion or control over" the drugs, Applicant argues that the State failed to prove that he exercised dominion or control over the drugs. APPLICATION, at Attch'd Points and Authorities, p. 9.

Generally, review of sufficiency of the evidence is a question of law. *See Griffin v. United States*, 502 U.S. 46, 58-59 (1991) (indicating that insufficiency of proof is legal error). However, with the passage of the AEDPA, the standard of review is less clear in light of the provisions of 28 U.S.C. § 2254(d). The Tenth Circuit has not yet determined, under the AEDPA, whether review of a state court's sufficiency of the evidence determination is a legal issue under 28 U.S.C. § 2254(d)(1), or a factual finding under § 2254(d)(2) and (e)(1). *See Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004). Under either analysis, however, the Applicant fails to overcome the burdens of § 2254(d) to obtain relief in this Court.

In advancing a sufficiency of the evidence argument in attempting to obtain habeas relief in this Court, the Applicant faces a high hurdle. The appropriate inquiry is whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (internal citations omitted). "This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable

inferences from basic facts to ultimate facts." *Id.* While citing to the state case law when analyzing the Applicant's claim, the Colorado Court of Appeals identified the appropriate standard of review as recognized by the Supreme Court of the United States. ANSWER, Docket #9, Exh. D, p. 5.

The AEDPA adds an additional degree of deference to state courts' resolution of sufficiency of the evidence questions. *See Valdez v. Ward*, 219 F.3d 1222, 1237 (10th Cir. 2000) ("Under AEDPA, however, where a habeas [applicant's] sufficiency of the evidence challenge has already been decided in state court, [the federal courts] employ a more limited review."). Therefore, the question is whether the Colorado Court of Appeals' conclusion that the record evidence was sufficient constituted an unreasonable application of the standard set forth in *Jackson*. *See Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003). It is Applicant's burden to show that the state court's decision was objectively unreasonable, not merely that the state court incorrectly applied principles found in Supreme Court precedent. *See Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002). The Applicant has failed to satisfy his burden in this regard, because neither the Application nor the Traverse provide a basis for finding that the state court unreasonably formulated or applied legal principles in light of Supreme Court precedent concerning this issue. Additionally, neither the reasoning nor the result of the state-court decision contradicts the principles which have been announced by the Supreme Court. Accordingly, federal habeas review under 28 U.S.C. § 2254(d)(1) is not available.

Applicant attempts to re-argue the evidence presented at trial, which is insufficient to demonstrate that the decision was an unreasonable determination of facts in light of the evidence presented in the state court proceedings under 28 U.S.C. § 2254(d)(2). This Court "may not weigh conflicting evidence nor consider the credibility of witnesses," and conflicting inferences must be presumed resolved in the favor of the prosecution. *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir.

1996).  A federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable.  *See Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001) (state court's determination of facts must be objectively unreasonable in light of evidence available to the state court); *Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000) (same standard of unreasonableness applies under subsections § 2254(d)(1) and § 2254(d)(2)).  Additionally, mere disagreement with the state court's determination, or even erroneous factfinding, is insufficient to grant relief if the court acted reasonably.  *Weaver*, 241 F.3d at 1030.  In Colorado, state law provides:

> To establish possession with intent to distribute, the prosecution must prove that the defendant knowingly possessed a controlled substance with the intent to distribute. Possession need not be exclusive, provided that the defendant actually knew of the presence of the controlled substance and exercised actual physical possession or immediate, knowing dominion or control over it.  People v. Orozco, 49 P.3d 1212 (Colo. App. 2002).  Further, a jury may reasonably infer from a defendant's possession of a large amount of drugs that the defendant intended to distribute those drugs.  See People v. Gomez, 632 P.2d 586, 594 (Colo. 1981).

> Complicity is not an offense, but a legal theory by which a defendant can be convicted for a criminal offense committed by another.  People v. Thompson 655 P.2d 416 (Colo. 1982).  A defendant is guilty as a complicitor if, with intent to promote or facilitate the commission of an offense, he or she aids, abets, advises, or encourages another person in planning or committing the offense.  Section 18-1-603, C.R.S. 2003.

ANSWER, Docket #9, Exh. D, p. 5-6.

The evidence in the record was clearly disputed between the parties, both in its existence and the weight it should be given.  *See* ANSWER, Docket #9, Exh. A, pp. 3-6, 18-19; Exh. B, pp. 3-5, 15-18; Exh. C, p. 4-5.  However, the parties were given the opportunity to persuasively present their positions to the state appellate court, and there is nothing in the record to demonstrate that the court

failed to consider or misunderstood the evidence presented to it under these arguments. Based upon

the record before it, the court found that:

> [Applicant] used methamphetamine with the driver the previous day. [Applicant] gave
> the driver the package of methamphetamine that was found on his person. A package
> of methamphetamine was found in the vehicle near [Applicant's] feet. The book bag
> that contained three large packages of methamphetamine was found between
> [Applicant] and his girlfriend in the rear seat of the vehicle. No one in the vehicle
> claimed ownership of the book bag or its contents. Finally, all the methamphetamine
> seized by the police was packaged in similar blue plastic, and black tape found in
> [Applicant's] luggage was similar to the tape wrapped around the large packages of
> methamphetamine.

ANSWER, Docket #9, Exh. D, pp. 6-7.

The Applicant has not demonstrated that the state court's factual determination was incorrect

by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). These facts are supported by the

record presented on appeal, and in keeping with the elements which must be determined under state

law. In light of these facts, and "after viewing the evidence in the light most favorable to the

prosecution," it is reasonable to conclude that a rational trier of fact could have found guilt beyond

a reasonable doubt.

The state court adjudication in this regard was neither contrary to nor an unreasonable

application of *Jackson*; nor was it based on an unreasonable determination of the facts in light of the

evidence presented. Accordingly, federal habeas relief on this ground is appropriately denied.

### C.    Claim Three.

Applicant argues in the third claim of his Application that his Sixth and Fourteenth

Amendment rights were violated when the trial court failed to give two jury instructions that he

requested. The first instruction concerned Applicant's presence in the vehicle in which a controlled

substance was found. The instruction read, "The guilt of a defendant cannot be established by mere

presence at the scene of the crime even with knowledge that a crime is being committed." APPLICATION, Docket #3, Attch'd Points and Authorities, p.11.  The second instruction concerned dominion or control over the controlled substance, and read:

> Where a person is not in exclusive possession of the vehicle it may not be inferred that he knew of the presence of the controlled substance and had control of it unless there are statements or other circumstances tending to buttress the inference.

*Id*. at p. 12.

Additionally, the Applicant contends that "[t]he use of [a] general verdict form by the trial court [made] it impossible to determine whether the jury reached a constitutional verdict."  *Id*. at p. 13.

### 1.      Jury Instructions.

Review of the Applicant's presentation of this claim in his direct appeal to the Colorado Court of Appeals reveals that the claim presented did not explicitly raise the issue of constitutional due process or fair trial.  Instead, reversible error was claimed.  *See* ANSWER, Docket #9, Exh. A, pp. 23-25.  The briefing makes only cursory citation to "U.S. Const. amends. V, VI, XIV." *Id*. In order to allow the state courts the opportunity to act on or correct the violations alleged, the Applicant must do more than just invoke the magic words "due process" or "fair trial," or make only cursory citation to the appropriate constitutional amendments.  He must provide legal theory explaining how the summary denial violated these particular federal constitutional rights.  *See Picard v. Connor*, 404 U.S. 270, 276-77 (1971) (holding, in pre-AEDPA case, habeas applicant failed to fairly present federal claim to state court where, despite presenting all necessary facts, applicant failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding applicant's general state court claim was insufficient to exhaust

his later, more specific federal habeas claim). Applicant failed to do so on appeal. Additionally, state

case law cited in the briefing concerns direct appeal on grounds of reversible error, without clearly

raising the issue of due process or fair trial. *See* ANSWER, Docket #9, Exh. A, pp. 23-25. Therefore,

whether this claim has appropriately been exhausted in the state courts is questionable. *See Picard*

*v. Connor*, 404 U.S. 270, 278 (1971) (in order to have been fairly presented to the state courts for

exhaustion purposes, the form of a claim raised to the state appellate court must be the "substantial

equivalent" of the form of the claim raised in the federal habeas application). However, the claim is

without merit and therefore, it can be denied without reference to the exhaustion issue. *See Moore*

*v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002).

     First, with regard to the Applicant's reversible error claim made on direct appeal, the state

appellate court looked to whether the content of the Applicant's tendered instructions were

encompassed in other instructions. *See* ANSWER, Docket #9, Exh. D, p. 8. The significance of the

omission of a jury instruction may be evaluated by comparison with the instructions that were given.

*See Henderson v. Kibbe*, 431 U.S. 145, 156 (1977). Accordingly, the Colorado Court of Appeals

did not apply a rule that contradicts the governing law set forth in Supreme Court cases.

Additionally, the Applicant has failed to demonstrate that the state appellate court confronted a set

of facts in this situation that is materially indistinguishable from a decision of the Supreme Court, but

reached a different result.

     In its review, the court noted:

    [The trial] court also instructed the jury that a person acts knowingly when "he is
    aware that his conduct is of such a nature or that such circumstance exists."
    Additionally, the jury was instructed that "possession need not be exclusive, provided
    that each possessor, should there be more than one, actually knew of the presence of

the object, or thing possessed, and exercised actual physical control or immediate, knowing dominion or control over it."

ANSWER, Docket #9, Exh. D, pp. 8-9.

The record supports this finding, and does not demonstrate an unreasonable determination of the facts in light of the evidence presented. Juries are presumed to follow their instructions. *Zafiro v. United States*, 506 U.S. 534, 540-41 (1993); *United States v. Carter*, 973 F.2d 1509, 1513 (10th Cir. 1992).   Federal habeas relief based upon allegations of failure to provide jury instructions is warranted only if the omission of the instructions "had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." *Foster v. Ward*, 182 F.3d 1177, 1193 (10th Cir. 1999); *see also Henderson*, 431 U.S. at 156-57.   The record that was before the state appellate court is insufficient to demonstrate that the failure to give the requested instructions rendered Applicant's trial fundamentally unfair. The state court's decision was not legally unreasonable, nor was it an unreasonable determination of facts, and habeas relief under § 2254(d) is unavailable to the Applicant on this claim.

## 2.    General Verdict Form.

In the context of a criminal proceeding, due process requires that guilt be proven beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970).   Applicant argues that his right to due process was violated because while the trial court instructed the jury on guilt as a principal or a complicitor, based on the trial court's use of a general verdict form, it is impossible to know if the jury made the necessary factual findings with regard to his guilt as a principal in the crimes of possession and possession with intent to distribute. APPLICATION, Docket #3, Attch'd Points and Authorities, p.13.

The Supreme Court has held that a verdict must be set aside "where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." *Yates v. United States*, 354 U.S. 298, 312 (1957), *overruled on other grounds by Burks v. United States*, 437 U.S. 1 (1978).  However, in a subsequent decision, the Court limited the holding in *Yates* to instances in which one of the possible bases of conviction was legally insufficient as opposed to factually insufficient.  *See Griffin v. United States*, 502 U.S. 46, 58-59 (1991) (discussing *Yates*).  The Applicant does not argue legal insufficiency in this regard, but instead argues factual insufficiency.  While citing to the state equivalent of the standard announced in *Griffin*, the state appellate court determined:

> Having concluded that the evidence supports [Applicant's] conviction for possession of methamphetamine with intent to distribute either as a principal or as a complicitor, we necessarily reject [Applicant's] contention that the use of a general verdict form for this charge violated his right to due process of law.  Where sufficient evidence exists to convict a defendant under all alternative theories asserted by the prosecution, the use of a general verdict form does not violate due process.  James v. People, 727 P.2d 850 (Colo. 1986); People v. Pahlavan, -- P.3d – (Colo. App. No. 01CA1331, Apr. 24, 2003).

ANSWER, Docket #9, Exh. D, pp. 7-8.

The state court adjudication in this regard was neither contrary to nor an unreasonable application of Supreme Court precedent.  Accordingly, federal habeas relief on this ground is appropriately denied.

## **CONCLUSION**

In viewing the merits of the Applicant's claims, he is not entitled to relief under 28 U.S.C. § 2254.  Pursuant to Rule 8 of the rules governing section 2254 proceedings, no evidentiary hearing is required.

Based upon the foregoing analysis, and the entire record herein, I hereby **recommend** that District Judge Walker D. Miller **deny** the Application [Filed April 15, 2005; Docket #3] and that this case be dismissed with prejudice.

Dated at Denver, Colorado, this 3rd day of April, 2006.

BY THE COURT:

 s/ Michael E. Hegarty                                    
                Michael E. Hegarty
                United States Magistrate Judge